NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re:<br><br>TARRAGON CORPORATION, et al.,<br><br>　　　　　Debtors-in-Possession.<br><br>　　On Appeal From:<br>　　United States Bankruptcy Court<br>　　District of New Jersey<br>　　No. 09-10555<br>　　Hon. Donald H. Steckroth | Hon. Garrett E. Brown, Jr.<br><br>Civil No. 09-3028<br><br>**MEMORANDUM OPINION** |

Nola R. Bencze, Esq.
Tod S. Chasin, Esq.
BUCHANAN INGERSOLL & ROONEY P.C.
700 Alexander Road
Suite 300
Princeton, New Jersey 08540
*Attorneys for Appellant The Los Olas Riverhouse Condominium Association*

Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
COLE, SCHOTZ, MEISEL, FORMAN & LEONARD, PA
25 Main Street
PO Box 800
Hackensack, New Jersey 07602-0800
*Attorneys for Appellee Tarragon Corporation et al.*

**BROWN, Chief Judge:**

　　This matter comes before the Court[1] on the appeal of the Bankruptcy Court's April 23,

---

[1]This matter was reassigned to the undersigned by Order of March 5, 2010.

1

2009 Consent Order ratifying the April 15, 2009 sale of commercial building units to a third-party by Debtors-in-possession Tarragon Corporation, *et al*. (collectively "Debtors").[2] The dispute centers around the sale's inclusion of two parking spots that had previously been used with Debtors' permission as valet parking spots by Appellant The Los Olas Riverhouse Condominium Association ("The Association"). The Association contends that it has an interest in the unassigned valet parking spots, and that the Bankruptcy Court deprived it of due process by approving the sale without giving it an opportunity to object. The Association further argues that the Consent Order was clearly erroneous because Debtors had not established that the sale was within the "ordinary course of business" pursuant to § 363(c) of the Bankruptcy Code. This Court has jurisdiction pursuant to 28 U.S.C. § 158(a).

    Debtors argue that this appeal is foreclosed by 11 U.S.C. § 363(m),[3] because The

---

[2]The Debtors are Tarragon Corporation, Tarragon Development Corporation, Tarragon South Development Corp., Tarragon Development Company LLC, Tarragon Management, Inc., Bermuda Island Tarragon LLC, Orion Towers Tarragon, LLP, Orlando Central Park Tarragon L.L.C., Fenwick Plantation Tarragon LLC, One Las Olas, Ltd., The Park Development West LLC, 800 Madison Street Urban Renewal, LLC, 900 Monroe Development LLC, Block 88 Development, LLC, Central Square Tarragon LLC, Charleston Tarragon Manager, LLC, Omni Equities Corporation, Tarragon Edgewater Associates, LLC, The Park Development East LLC, Vista Lakes Tarragon, LLC, Murfreesboro Gateway Properties, LLC, Tarragon Stonecrest, LLC, MSCP, Inc., Tarragon Stratford, Inc., and TDC Hanover Holdings LLC. The Committee of Unsecured Creditors appointed by the U.S. Trustee for the District of New Jersey consented to the April 23 Consent Order ratifying the sale.

[3]Section 363(m) provides that

> [t]he reversal or modification on appeal of an authorization under subsection (b) or (c) of this section of a sale or lease of property does not affect the validity of a sale or lease under such authorization to an entity that purchased or leased such property in good faith, whether or not such entity knew of the pendency of the appeal, unless such authorization and such sale or lease were stayed pending appeal.

2

Association did not obtain a stay of the sale from the Bankruptcy Court, and because this Court cannot grant the relief sought by The Association without affecting the validity of the sale ratified by the Consent Order. *See, e.g.*, *Krebs Chrysler-Plymouth, Inc. v. Valley Motors*, Inc., 141 F.3d 490, 499 (3d Cir. 1998) ("[T]here are two prerequisites for section 363(m) 'statutory' mootness: (1) the underlying sale or lease was not stayed pending the appeal, and (2) the court, if reversing or modifying the authorization to sell or lease, would be affecting the validity of such a sale or lease."). This Court agrees. Although the sale in this matter preceded the Bankruptcy Court's Consent Order by approximately one week, it is undisputed that The Association has not sought, let alone obtained, a stay of the sale. Furthermore, The Association does not dispute that the relief it seeks—*vacatur* of the Consent Order— would impugn the validity of the sale to the third-party purchaser who is not a party to this appeal. Accordingly, § 363(m) renders this appeal moot.[4]

The Association argues that the Bankruptcy Court's failure to provide adequate notice and an opportunity to be heard prior to the issuance of the Consent Order deprived The Association of due process, and that this defect precludes application of § 363(m) in this case. The Court recognizes that there appears to be a split of authority regarding whether the failure to

---

11 U.S.C. § 363(m).

[4]The Court notes that the equitable mootness doctrine also supports the Court's conclusion that this appeal is moot. *See, e.g.*, *In re Continental Airlines*, 91 F.3d 553, 560 (3d Cir. 1996) ("Factors that have been considered by courts in determining whether it would be equitable or prudential to reach the merits of a bankruptcy appeal include (1) whether the reorganization plan has been substantially consummated, (2) whether a stay has been obtained, (3) whether the relief requested would affect the rights of parties not before the court, (4) whether the relief requested would affect the success of the plan, and (5) the public policy of affording finality to bankruptcy judgments.").

3

comply with due process notice and hearing requirements affects the application of statutory mootness under § 363(m). *Compare In re Ex-Cel Concrete Co.*, 178 B.R. 198, 205 (B.A.P. 9th Cir. 1995) (finding that the failure to provide notice to a lienholder constituted a "*per se . . . jurisdictional defect sufficient to result in a void order,*" notwithstanding § 363(m)) *with In re Edwards*, 962 F.2d 641, 645 (7th Cir. 1992) (finding that the doctrine of bona fide purchasers embodied by § 363(m) did not violate due process). Yet the Court need not definitively decide this matter, because the Court is satisfied that the Bankruptcy Court's subsequent hearing, wherein the Bankruptcy Court considered the merits of The Association's objection, cured any due process deficiencies arising from the April 23, 2009 Consent Order.[5] *See In re Omni Video, Inc.*, 60 F.3d 230, 233 (5th Cir. 1995) (finding no due process violation where the interested parties had an opportunity on motion for reconsideration to articulate the objections it would have raised against the prior motion to enforce settlement); *In re Dicks*, 341 B.R. 327, 330 (Bankr. M.D. Fla. 2006) (finding that the debtor's opportunity to raise arguments at a subsequent hearing cured any problem of defective notice).

For these reasons, the Court will deny The Association's appeal as moot. An appropriate form of order accompanies this Memorandum Opinion.

Dated: March 23, 2010

                                                       /s/ Garrett E. Brown, Jr.
                                                 GARRETT E. BROWN, JR., U.S.D.J.

---

[5] The record reflects that the Bankruptcy Court told interested parties that they would have until April 29, 2009, to object to the proposed Consent Order, but that the Bankruptcy Court approved the Consent Order on April 23, 2009. The Association filed its objection by the April 29, 2009 deadline, and the Bankruptcy Court heard argument on this objection during a telephone conference conducted on May 7, 2009. After considering the parties' arguments, the Bankruptcy Court declined to set aside the Consent Order.